IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STEPHEN SHI SHORT,

    Petitioner,

v.                                            CASE NO. 3:17-cv-12-MCR-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The Petition stems from Petitioner's 2012 jury-trial conviction of failing to report as a sex offender, for which he was sentenced to five years' imprisonment. Respondent filed a motion to dismiss the Petition as time-barred, ECF No. 10, and Petitioner filed a reply, ECF No. 13. For the following reasons, the undersigned recommends that the motion to dismiss be granted and the Petition be dismissed as time-barred.

## One-Year Limitation Period

Petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions. The one-year limitations period begins

to run, *inter alia*, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"  The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for post conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances."  28 U.S.C. § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

## State-Court Proceedings

The procedural background of this case is summarized in the Respondent's motion, and Petitioner does not dispute the accuracy of the summary.  *See* ECF Nos. 10, 13.  Petitioner was sentenced on December 7, 2012.  His conviction was affirmed *per curiam* on January 17, 2014.  *Short v. State*, 129 So.3d 365 (Fla. 1st DCA 2014) (table); ECF No. 10-4 at 248.  His conviction became final 90 days later, on April 17, 2014, when the time to seek certiorari in the U.S. Supreme Court expired.

Petitioner filed, through counsel, a Fla. R. Crim. P. 3.800(c) motion to modify sentence on June 12, 2014.  ECF No. 10-4 at 295.  The motion was dismissed as untimely and for lack of jurisdiction on June 27, 2014.  ECF No. 10-4 at 300-01.

Petitioner filed a *pro se* Fla. R. Crim. P. 3.850 motion that was docketed in the state court on January 29, 2015.  The motion was

unsigned and undated, and neither the motion nor the accompanying brief were sworn under oath as required by Fla. R. Crim. P. 3.850(c).  On February 13, 2015, the state court struck the motion for lack of signature.  ECF No. 10-4 at 302 to ECF No. 10-5 at 13; ECF No. 10-5 at 15.

On April 28, 2015, Petitioner filed a *pro se* habeas corpus petition in the First DCA alleging ineffective assistance of appellate counsel on direct appeal.  The First DCA denied the petition on the merits on August 6, 2015.  ECF No. 10-4 at 251-59; 280.

Petitioner filed another Rule 3.850 motion on May 27, 2015, and an amended motion on July 9, 2015.  On October 6, 2015, the state court struck the amended motion as facially insufficient, with leave to amend within 60 days pursuant to Fla. R. Crim. P. 3. 850(f)(2).  Petitioner filed a second amended petition on January 5, 2016, pursuant to an extended deadline.  The state court summarily denied the motion on March 9, 2016.  The First DCA affirmed *per curiam* without written opinion on November 22, 2016.  ECF No. 10-5 at 26-184; ECF No. 10-6 at 118.

Petitioner filed the instant federal habeas corpus petition on January 3, 2017.  ECF No. 1.  Petitioner asserts five claims of ineffective assistance of counsel.  Petitioner contends that the Petition is timely because his conviction became final on April 27, 2014, and he had tolling proceedings

pending in state court beginning with his January 29, 2015, Rule 3.850 motion until such proceedings concluded on November 22, 2016, when the First DCA affirmed the denial of his most recent Rule 3.850 proceeding. ECF No. 1 at 9.

## Discussion

Respondent correctly asserts that Petitioner's conviction became final, and the one-year limitations period began to run, on April 17, 2014, 90 days after his conviction was affirmed on January 17, 2014, when the time for seeking certiorari in the U.S. Supreme Court expired.  *Nix v. Sec'y for the Dep't of Corr.*, 393 F.3d 1235, 1237 (11th Cir. 2004).  Thus, absent tolling, Petitioner had until on or about April 20, 2015, to file a timely federal habeas corpus petition.[1]

Petitioner filed, through counsel, a Rule 3.800(c) motion on June 12, 2014.  ECF No. 10-4 at 295, 300-01.  Although a Rule 3.800(c) motion is a tolling application, *see Rogers v. Sec'y, Dept. of Corr.*, 855 F.3d 1274 (11th Cir. 2017), in this case the motion was dismissed as untimely and for lack of jurisdiction, and therefore it was not "properly filed" for purposes of tolling the federal limitations period.  See 28 U.S.C § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 413-17 (2005); *Artuz v. Bennett*, 531 U.S. 4, 7-

---

[1] The 365th day fell on Saturday, April 18, 2015.

9 (2000).

Thus, the federal limitations period continued to run untolled. Petitioner filed his first Rule 3.850 motion on January 29, 2015, but it was stricken for lack of a signature and therefore also was not "properly filed". ECF No. 10-4 at 302 to ECF No. 10-5 at 13; ECF No. 10-5 at 15; *see Rainey v. Sec'y, Dept. of Corr.*, 443 F.3d 1323, 1330 n.9 (11th Cir. 2006) (*overruled on other grounds* by *Ferreira v. Sec'y, Dept. of Corr.*, 494 F.3d 1286, 1293 (11th Cir. 2007); *Hurley v. Moore*, 233 F.3d 1295, 1297-98 (11th Cir. 2000).

Petitioner's next attempt at state collateral relief was his April 28, 2015, *pro se* habeas corpus petition in the First DCA alleging ineffective assistance of appellate counsel. ECF No. 10-4 at 251-59; 280 ECF No. 10-4 at 251-59; 280. The state petition did not toll the federal limitations period because the federal deadline expired on April 20, 2015, and therefore there was nothing left to toll. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000). For the same reason, Petitioner's May 27, 2015, Rule 3.850 motion and the July 9, 2015, amended Rule 3.850 motion, did not serve to toll the expired limitations period.

In his response to the motion to dismiss, Petitioner points to alleged defects in his underlying criminal case but does not argue that his federal

petition is not time-barred. Petitioner does not contend that he is entitled to equitable tolling of the limitations period, nor does he contend that he can satisfy the "actual innocence" gateway to overcome the time-bar. *See* ECF No. 13; *McQuiggin v. Perkins*, __ U.S. ___, 133 S.Ct 1924 (2013). Therefore, for the foregoing reasons, the undersigned concludes that Respondent's motion to dismiss the Petition as time-barred is due to be granted.

### Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court

may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

1.  Respondent's Motion to Dismiss, ECF No. 10, should be **GRANTED** and the petition for a writ of habeas corpus should be **DISMISSED**; and

2.  A certificate of appealability should be **DENIED.**

**IN CHAMBERS**  this 1st day of February 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.